UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ISMAIL A. ABUHALTAM,

Plaintiff,

v.

AYMAN MUSTAFA ABUHALTAM,

Defendant.

CASE No. 1:25-CV-1677

HON. ROBERT J. JONKER

**ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION**

The Court has reviewed Magistrate Judge Kent's Report and Recommendation (ECF No. 13) and Plaintiff's Objection to the Report and Recommendation (ECF No. 14). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the

Report and Recommendation itself; and Plaintiff's objections. After its review, the Court finds the Magistrate Judge's Report and Recommendation is factually sound and legally correct.

The Magistrate Judge makes a series of recommendations, the sum total of which would result in the complete dismissal of this case. Plaintiff's objections fail to deal in a meaningful way with the Magistrate Judge's analysis. The Magistrate Judge carefully and thoroughly considered the record and the governing law. The Magistrate Judge properly analyzed Plaintiff's claims. Nothing in Plaintiff's objections changes the fundamental analysis.

Indeed, Plaintiff himself appears to recognize that there are portions of his lengthy[1] complaint and claims therein that should be dismissed. But as to the remaining claims, he requests leave to amend with a "concise" complaint, if the Court concludes that any claim is capable of amendment and would not be futile. But this has it all backwards. A party cannot use the court as a sounding board and receive an advisory opinion on whether an as yet unfiled amended compliant would pass muster. And more generally, the record detailed by the Magistrate Judge, including prior federal dismissals (to say nothing of decided and pending cases in the state courts) demonstrate that Plaintiff seeks to do little more than rearrange the deckchairs on a sinking ship.

## CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 13) is **APPROVED AND ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion for Temporary Restraining Order (ECF No. 3) is **DENIED.**

[1] As the Magistrate Judge accurately recited, Plaintiff's complaint spans fifteen pages with more than 250 pages of exhibits and a flash drive with various recordings.

**IT IS FURTHER ORDERED** that the Motion to dismiss (ECF No. 7) is **GRANTED** to the extent it is consistent with the Magistrate Judge's Report and Recommendation and this Order.

**IT IS FURTHER ORDERED** that the Motion to Supplement (ECF No. 9) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED** for lack of subject matter jurisdiction and failure to state a claim.

Dated: September 9, 2026

/s/ Robert J. Jonker
ROBERT J. JONKER
UNITED STATES DISTRICT JUDGE